## The People of the State of Illinois ex rel. Robinson, Appellee, v. Knight et al., Appellants.

### Gen. No. 19,854.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. KICK-HAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 10, 1914.

## Statement of the Case.

Petition by the People of the State of Illinois ex rel. Robinson against Robert Knight and Henry Ericsson, as deputy commissioner of buildings and commissioner of buildings of the city of Chicago, and Lola Menn, for a writ of mandamus to compel defendants to revoke a permit issued for the erection of a theater building owned by the defendant Menn and to stop the

work on said building and not to issue a new permit until certain structural parts of the building are removed and have been replaced by structural parts as required by the ordinances of the city of Chicago.

The original petition made Knight the sole defendant and a general demurrer to such petition was sustained. The petition was then amended making Ericsson and Menn parties defendant. An order was thereafter entered requiring the defendant Knight to answer the petition, as amended, within five days. To the petition, as amended, the respondents, Ericsson and Menn, filed general and special demurrers, and an order was entered setting aside the order requiring Robert Knight to answer, and granting him leave to join in the general and special demurrer of Henry Ericsson.

After argument on the above mentioned demurrers was had, but before the ruling was made thereon, the relator moved the court for leave to again amend his petition instanter, which motion was allowed, and the petition was amended by striking out such words in the petition as made certain of the allegations therein upon information and belief. Attorneys for respondents thereupon asked the court for leave to file instanter general and special demurrers to the petition as amended by the court to contain further grounds of special demurrer, which leave was denied. The court thereupon, over objection of the attorneys for respondents, overruled their demurrers to the petition as amended, and ruled the respondents to answer the petition within eight days. On the morning following this order, the respondents Henry Ericsson and Robert Knight, due notice having been given, again moved the court for leave to file instanter a joint and several, general and special demurrer to the petition, a copy of which demurrer was presented to the court and set out additional grounds for a special demurrer. The court denied the motion. Thereafter,

at the expiration of the rule, the court entered a default judgment against respondents Ericsson and Knight for failure to answer the amended petition within the time ordered by the court, respondents having interposed a motion in arrest of judgment. To reverse the judgment, defendants appeal.

WILLIAM H. SEXTON, for appellants Robert Knight and Henry Ericsson; LORING R. HOOVER, of counsel.

JACOB C. LEBOSKY and ELIJAH N. ZOLINE, for appellant Lola Menn.

HENRY R. BALDWIN, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. MANDAMUS, § 150*—*matters not raised by demurrer to petition.* Want of sufficient verification of a petition for mandamus cannot be raised by demurrer.

2. PLEADING, § 167*—*matters which cannot be reached by demurrer.* Neither the want of an affidavit or verification to a pleading nor the sufficiency of the verification is ground for demurrer; the proper mode to raise the question is by motion to strike the pleading from the files.

3. PLEADING, § 198*—*effect of demurrer.* A demurrer admits the truth of the material averments which are well pleaded and thus supplies the want of a verification of the pleading where it is required.

4. MANDAMUS, § 149*—*necessity of verification of petition.* Since the passage of the Act of 1874 relating to mandamus, J. & A. ¶¶ 7330 *et seq.*, a verification of the petition is unnecessary.

5. MANDAMUS, § 37*—*what constitutes ministerial acts.* Where the duty of a public officer is purely ministerial and not judicial or discretionary, mandamus will lie to compel performance.

6. MANDAMUS, § 54*—*when acts required of building commissioner are ministerial.* Where an ordinance makes it the duty of a commissioner of buildings, in cases of violation of building

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ordinances, to give notice, and in case the notice is not heeded to tear down the building and to revoke the building permit, *held* that the acts required to be performed are ministerial acts.

7. MANDAMUS, § 54*—*when ordinance does not make acts to building commissioner discretionary.* The mere fact that a commissioner of buildings is required by ordinance to determine whether or not certain facts exist which, by the provisions of the ordinance, require him to act, does not make the act which he is to perform discretionary.